**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7686

LEO BRANDON FARNSWORTH,

Plaintiff - Appellant,

v.

MELVIN C. DAVIS, Warden; HAROLD W. CLARKE, Director of VDOC;
RALPH S. NORTHAM, Governor of Virginia; BRIAN MORAN,
Director/Superintendent of Public Safety for the Commonwealth of Virginia,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:20-cv-00264-MFU-JCH)

Submitted:  January 26, 2021                     Decided:  February 9, 2021

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leo Brandon Farnsworth, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leo Brandon Farnsworth, a Virginia inmate, appeals the district court's order denying his motion for preliminary injunctive relief. In his amended complaint, Farnsworth raised First Amendment free exercise claims related to the suspension of religious services at his correctional facility in light of the COVID-19 pandemic and an apparently unrelated Eighth Amendment claim arising from an alleged assault by another inmate. Farnsworth sought injunctive relief related to each of his claims, seeking (1) an order for religious services to resume and (2) a "gag order" against certain prison officials in relation to his Eighth Amendment claim.

An order denying a preliminary injunction is an immediately appealable interlocutory order, 28 U.S.C. § 1292(a)(1), and we review the district court's denial of injunctive relief for an abuse of discretion, *Di Biase v. SPX Corp.*, 872 F.3d 224, 229, 232 (4th Cir. 2017). If the district court "applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," no abuse of discretion occurred. *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy" that "shall be granted only if the

moving party clearly establishes entitlement to the relief sought." *Di Biase*, 872 F.3d at 230.

On appeal, Farnsworth challenges the district court's conclusion that he did not establish that he was entitled to the requested injunctive relief on his Eighth Amendment claim.[*] The court held that Farnsworth had not established that he was at risk of imminent harm without the court's intervention. In doing so, the court credited affidavit testimony from prison officials that, at the time of the motion filed in the district court, Farnsworth was physically separated from the other offender following their physical altercation and would have no further physical contact with him. After reviewing the record, we conclude that the district court did not abuse its discretion in denying Farnsworth's motion on this basis. We therefore affirm the district court's denial of a preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Farnsworth has forfeited review of the district court's denial of his preliminary injunction related to his free exercise claims by failing to challenge it in his informal brief. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").